# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LUKE ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:06CV759 |
| v. | ) | 1-99CR277-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Petitioner fails to cite the judgment from which he seeks relief and why. This makes it clear that in the motion, petitioner is attacking his conviction or sentence rather than seeking to remedy a defect in the collateral review process or other non-merit aspect of the ruling. The motion for reconsideration therefore must be construed as a motion to vacate sentence under 28 U.S.C. § 2255. See Gonzalez v. Crosby, __ U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). As such, petitioner's pleading is defective because he has failed to file his claims on the proper Section 2254 or 2255 forms. See Rules Governing Section 2254 Cases Rule 2(c) and Rules Governing Section 2255 Proceedings Rule 2(b).

There is no need to put petitioner through the extra work of submitting his claims on the proper forms, however, because Court records reveal that petitioner has already challenged this conviction in a previous Section 2255 action. [No. 1:01CV301] Therefore, the present pleading should be dismissed for lack of jurisdiction because of petitioner's failure to obtain permission from the Fourth Circuit for a second or successive Section 2255 action, as is required by 28 U.S.C. § 2244 and 28 U.S.C. § 2255. See Winestock, 340 F.3d at 200. The Court notes that the Fourth Circuit has twice denied petitioner permission to file a second Section 2255 motion. (Docket nos. 64, 67) The Clerk will therefore not send him

more forms, but he may request them from the Clerk if he wishes to seek permission for a third time.

**IT IS THEREFORE RECOMMENDED** that petitioner's "Rule 60(b)" motion be construed as an attempt by petitioner to file a second or successive Section 2255 action. The Clerk of Court should assign a civil case number to this action.

**IT IS FURTHER RECOMMENDED** that this action be dismissed due to petitioner's failure to obtain certification from the Fourth Circuit as required by 28 U.S.C. §§ 2244 and 2255 and Fourth Circuit Local Rule 22(d).

                                                      /s/ Russell A. Eliason
                                                   **United States Magistrate Judge**

September 8, 2006